IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>**Mary Jenkins**<br><br>Debtor | Case No. 15-00320<br>Chapter 13 |

CONSENT MOTION TO MODIFY AMENDED CHAPTER 13 PLAN

Mary Jenkins, the above-captioned debtor ("Ms. Jenkins" or the "Debtor"), by counsel, hereby files this motion to modify her amended chapter 13 plan (the "Motion"). In support thereof, the Debtor states as follows:

### Jurisdiction and Procedural Background

1. This Court has jurisdiction to consider this Motion to Modify pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On June 15, 2015 (the "Petition Date), the Debtor filed a voluntary petition for relief under chapter 13 of the United States Code, 11 U.S.C. §§ 101-1532 the "Bankruptcy Code").

### Factual Background

3. Ms. Jenkins filed for chapter 13 to save her home from a foreclosure sale initiated by her condo association, Park Tower. Ms. Jenkins confirmed plan treated the condo association arrearage claim inside the plan. The reverse mortgage holder, Champion Mortgage Company, filed a proof of claim with a pre-petition liability of $3,680.03. The confirmed plan treated this claim to be paid outside the plan directly by the Debtor. Finally the confirmed plan paid unsecured creditors approximately 18%.

4.  Nationstar Mortgage has claimed that Ms. Jenkins is responsible for a post-petition liability of $3,674.53 on her mortgage. Ms. Jenkins has $750.00 available to pay Nationstar by December 10,2016 and the parties have agreed to put the remainder ($2,92453) into a modified plan.

5.  The Chapter 13 Trustee, Nancy Spencer Grigsby, has consented to this relief.

### RELIEF REQUESTED AND BASIS FOR RELIEF

6.  Section 1329(a), provides that one of the bases upon which a plan may be modified prior to the completion of payments thereunder is to "increase or reduce the amount of payments on claims of a particular class provided for by the plan; [or to] extend or reduce the time for such payments." *11 U.S.C. § 1329(a)*.

7.  Accordingly, Ms. Jenkins proposes moves to modify her chapter 13 plan accordingly:

A.  Monthly trustee payments of $400.

B.  Nationstar's pre and post-petition claim shall be increased to $2,924.53 and paid inside the plan by the Trustee in the amount of $2924.53

C.  The remaining balance of Park Tower's allowed proof of claim shall be paid with no interest as indicated in its proof of claim. (Claim #2).

WHEREFORE, the Debtor, Mary Jenkins, respectfully requests the Court requested herein and for such other relief as to the Court seems proper.

Seen and agreed,

*/s/ Nancy Spencer Grigsby*
Nancy Spencer Grigsby
(Chapter 13 Trustee)

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  December 8, 2016 | */s/ Morgan W. Fisher*<br>Morgan W. Fisher #486159 |
|  | Law Offices of Morgan Fisher LLC<br>1125 West St. Suite 227<br>Annapolis, MD 21401<br>410-626-6111<br>443-782-2372 (fax)<br>bk@morganfisherlaw.com |

### Certificate of Service

I hereby certify that on December 8, 2016, I mailed the foregoing Motion to Modify on all parties to the attached mailing matrix  by first class mail, postage prepaid and via cm/ecf to the Chapter 13 Trustee.

*/s/ Morgan W. Fisher*
Morgan W. Fisher

American Express
PO Box 981537
El Paso, TX  79998


Capital One
PO Box 30281
Salt Lake City, UT  84130


Champion Mortgage
PO Box 619093
Dallas, TX 75261-9093


Chase Bank USA
PO Box 15298
Wilmington, DE  19850


Equifax
1550 Peachtree St NW
Atlanta, GA  30309


Experian
P.O. Box 740241
Atlanta, GA  30374


IRS
Po Box 21126
Philadelphia, PA 19114


The Park Tower
c/o Jeffrey Charles & Assoc
6422 Grovesdale Dr. STE 201C
Alexandria, VA  22310


TransUnion
P.O. Box 2000
Chester, PA  19022

```
Wells Fargo Bank
PO Box 3117
Winston Salem, NC  27102


Wells Fargo Bank
PO Box 3117
Winston Salem, NC  27102

 Mark S. Devan
 The Alba Law Group, P.A.
 11350 McCormick Road, Suite 200
 Executive Plaza III
 Hunt Valley, MD 21031
 mdevan@albalawgroup.com
 (Counsel for Nationstar)
```